I concur in the result. I agree with the main opinion that the appropriation invasion-of-privacy tort in Alabama would appear to protect both commercial and psychological interests. I cannot agree, however, with the analysis of the main opinion with respect to the release agreement signed by Minnifield.
Specifically, I cannot agree that the release agreement executed by Minnifield is ambiguous as it relates to Minnifield's claim alleging invasion of privacy. I fail to find any provision in that agreement that reasonably can be construed as releasing Ashcraft and Skin Worx for damage resulting from the publication of photographs of Minnifield after her tattoo work was completed, rather than for the tattoo work itself. However, I cannot base my decision in this case on that proposition, because Minnifield does not argue it to this court on appeal. See McLemore v.Fleming, 604 So.2d 353 (Ala. 1992).
Nonetheless, I concur in the result reached in that portion of the main opinion reversing the trial court's summary judgment insofar as it was based on the release agreement signed by Minnifield. I do so on the separate ground that that release agreement is not effective to release Ashcraft and Skin Worx from their intentional tortious conduct.